## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80669-CV-MIDDLEBROOKS

ORTHOPAEDIC CARE SPECIALISTS, P.L.,

      Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,
UNITEDHEALTHCARE INSURANCE
COMPANY, and GOLDEN RULE INSURANCE
COMPANY,

      Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court on the Parties' Joint Motion for Enlargement of Scheduling Order Deadlines ("Motion"), filed on October 29, 2021. (DE 27). This matter is currently set for trial on this Court's two-week calendar commencing January 18, 2022. (DE 7). The Parties now seek a 60-day extension of all pretrial deadlines and a corresponding continuance of the trial date. (DE 27). The Motion fails to set forth good cause for the broad relief requested, and it is therefore denied without prejudice.

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This schedule will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).

Here, the Parties request a two-month extension of all deadlines for several reasons. The Parties cite to the pendency of Defendants' Motion to Dismiss, the possibility that additional discovery will be needed following a ruling on that motion, the existence of outstanding subpoenas to third-parties, the fact that additional time will "foster the prospect of resolution" out of court, and potential conflicts with the trial date and calendar call.

I am not persuaded of the need to delay the entire litigation schedule for two months based on the facts set forth in this Motion. As an initial matter, the filing of a motion to dismiss is not good cause for a 2-month continuance, even if the issue involved in the motion is potentially case dispositive. I will rule on the motion to dismiss in due course, and the pendency of that motion does not automatically stay any of the litigation deadlines set forth in the Pretrial Scheduling Order.

Moreover, the reliance upon a generalized need for additional time to conduct discovery that *may* become necessary following my ruling on the Motion to Dismiss is unpersuasive. That is too speculative a basis upon which to grant the requested extension. And while I encourage the Parties to continue exploring a negotiated resolution of this case, I do not view the Parties' ongoing settlement talks as providing good cause to modify any pretrial deadlines.

The Parties do, however, point to one specific discovery-related obstacle. The Parties state that discovery of a nonparty became necessary, and non-party subpoenas were served on October 6, 2021 to which responsive documents have not yet been received. However, the Parties' need for additional discovery in response to those subpoenas, at present, is speculative. The Parties state that upon receiving responsive documents, they *may* need to depose witnesses identified in the outstanding productions. If further discovery becomes necessary, the Parties may file another motion, and, if the need is well-explained, I will consider reopening discovery for the limited

purpose of allowing the Parties to follow up on information arising out of the third-party subpoena production.

The Parties additionally cite a potential conflict during the trial period, stating that defense counsel will be in an arbitration set for final hearing from January 4, 2022 through January 7, 2022 and January 10, 2022 through January 14, 2022.[1] As such, the Parties state that the arbitration conflicts with the January 12, 2022 calendar call, and the arbitration proceedings will prevent counsel from fully preparing for trial, which is scheduled on this court's two week calendar commencing January 18, 2022. As an initial matter, I note that the arbitration proceedings do not actually conflict with the trial date in this case. I recognize that defense counsel has a busy schedule, and while the court understands and appreciates the time demands often placed on litigators when matters are set in close proximity, this is an issue which counsel ought to be capable of resolving with sufficient preparation and advance planning. Moreover, I will make an effort to accommodate counsel's schedule by calling this case during the second week of the trial period should that be helpful.

Counsel's arbitration does appear to conflict with the January 12th calendar call, and so I will reschedule that hearing to January 3, 2022.

Finally, although I am not persuaded of the need for a two-month continuance for the reasons explained above, it does appear that the November 15, 2021 dispositive motions deadline is impracticable. Therefore I will stay *that deadline only* until after I rule on Defendants' pending Motion to Dismiss. All other deadlines shall remain unchanged at this time. If necessary, I will revisit other aspects of the pretrial schedule after the pending motion is resolved.

---

[1] The Parties cite to the year 2021 for the above stated date ranges. I assume that the Parties intended to cite to the year 2022.

3

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

(1) The Parties' Joint Motion for Enlargement of Scheduling Order Deadlines (DE 27) is **DENIED**.

(2) The deadline to file dispositive motions, including motions in limine, is **STAYED** until further Order of this court.

(3) The Calendar Call in this matter is **RESCHEDULED** from January 12, 2022, **to January 3, 2022, at 1:15 p.m., in West Palm Beach, Florida**.

(4) The Parties are reminded that they may consent to the jurisdiction of United States Magistrate Judge William Matthewman, who generally allows the Parties great flexibility in setting the course and schedule, including the trial date, of their case. The consent form can be found at Appendix A of the Pretrial Scheduling Order (DE 9 at 9).

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 3 day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record